IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL D. SAUNDERS,

      Petitioner,                    No. CIV S-06-2622 DFL KJM P

   vs.

ROBERT A. HOREL,

      Respondent.                 <u>ORDER</u>

_____/

       Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. He has paid the filing fee and has filed an amended petition.

       Petitioner is serving a term of fifteen years to life for second degree murder. He challenges the denial of parole, though it is not clear from the petition which particular denial he challenges. A second amended petition must identify the challenged denial of parole.

       The bases of his challenges are similarly not clear. For example, petitioner provides a lengthy, and unnecessary, history of the Determinate Sentencing Law. He also appears to be arguing that he was entitled to have a term set proportionate to his crime, which the Legislature determined was the appropriate manner in which to convert indeterminate sentences imposed before 1977 to determinate sentences. This argument is specious: petitioner committed his crime in 1990, long after the adoption of California's Determinate Sentencing Law.

1

1         Petitioner also argues that he is entitled to the setting of a fixed term under

2 California Penal Code § 3041(a).  However, in <u>Dannenberg</u>, the California Supreme Court noted:

> Our conclusion that California's parole statutes allow the Board to find unsuitability without engaging in a comparative analysis of other offenses or applying "uniform term" principles, and that the Board adhered to state law in Dannenberg's case, also disposes of his contention that he was denied federal due process rights arising from his protected liberty interest, and expectation, in a "uniform" parole release date.

<u>In re Dannenberg</u>, 34 Cal.4th 1061, 1098 n.18 (2005).  In that case, the state supreme court resolved the "tension between the commands in subdivisions (a) and (b)" of Penal Code section 3041, and the question whether "the public-safety provision of subdivision (b) takes precedence over the 'uniform terms' principle of subdivision (a)."  <u>Id</u>. at 1081-82.  Its ultimate holding is this:

> We therefore hold that the Board proceeded lawfully when, without comparing Dannenberg's crime to other second degree murders, to its base term matrices, or to the minimum statutory prison term for that offense, the Board found him unsuitable to receive a fixed and "uniform" release date by pointing to some evidence that the particular circumstances of his crime . . . indicated exceptional callousness and cruelty with trivial provocation, and thus suggested he remains a danger to public safety.

<u>Id</u>.  What <u>Dannenberg</u> did, then, was to find that the provisions of section 3041(a), which appear to require the Parole Board to set a minimum, uniform term, did not create a liberty interest in parole, because the Parole Board was required to undertake the public safety inquiry of subdivision (b) before setting a uniform term.  This court is bound by the state court's determination that § 3041(a) does not establish a liberty interest in parole.  <u>Gurley v. Rhoden</u>, 421 U.S. 200, 208 (1975) ("a State's highest court is the final judicial arbiter of the meaning of state statutes").  Accordingly, a second amended petition should not include any claim of a liberty interest flowing from § 3041(a).

/////

/////

1      Accordingly, IT IS HEREBY ORDERED that:

2      1. The amended petition filed March 22, 2007 is dismissed and leave is given for
3 petitioner to file a second amended petition within thirty days of the date of this order.  The
4 second amended petition should bear this case number and comply with this order.  The second
5 amended petition should not include more than fifteen pages of attachments.

6      2. The Clerk of the Court is directed to send petitioner the form for a habeas
7 corpus petition.

8 DATED: May 24, 2007.

                                        _____
                                        U.S. MAGISTRATE JUDGE

2

sand2622.amd